IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GILMOUR MUSIC LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 1:18-cv-07014 <br><br> Judge Gary Feinerman <br><br> Magistrate Judge Maria Valdez |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on David Gilmour Music Ltd. ("DGML" or "Plaintiff") Motion for a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified in Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's DAVID GILMOUR Trademark (the "Counterfeit DAVID GILMOUR Products").

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's

1

previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the DAVID GILMOUR Trademark is a distinctive mark and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the DAVID GILMOUR Trademark, and (3) Defendants' use of the DAVID GILMOUR Trademark are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with DGML. Furthermore, Defendants' continued and unauthorized use of the DAVID GILMOUR Trademark irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:
   a. using Plaintiff's DAVID GILMOUR or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine DAVID GILMOUR product or not authorized by

Plaintiff to be sold in connection with Plaintiff 's DAVID GILMOUR Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine DAVID GILMOUR product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's DAVID GILMOUR Trademark;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's DAVID GILMOUR Trademark and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's DAVID GILMOUR Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to

3

sell or is the means by which Defendants could continue to sell Counterfeit DAVID GILMOUR Products; and

    h.   operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's DAVID GILMOUR Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine DAVID GILMOUR product or not authorized by Plaintiff to be sold in connection with Plaintiff's DAVID GILMOUR Trademark.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including all PayPal and WISH accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through h, above.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

    a.  unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court; or

4

      b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

      a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the DAVID GILMOUR Trademark, including any accounts associated with the Defendants listed on Schedule A;

      b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the DAVID GILMOUR Trademark; and

      c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Alibaba, advertisers,

5

Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, WISH, Amazon and Alipay, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

- a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;
- b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;
- c. Defendants' websites and/or any Online Marketplace Accounts;
- d. The Defendant Domain Names or any domain name registered by Defendants; and
- e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts

6

        residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, WISH, Amazon, Alipay, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

8. PayPal, Inc. ("PayPal") and ContextLogic, Inc. ("WISH") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

  a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal and WISH accounts connected to the information listed in Schedule A hereto and the email addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel; and

  b. Restrain and enjoin any such accounts or funds that are Asia based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

>  a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A hereto and the email addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel; and

>  b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to Plaintiff's control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "AMESION PRINTING Store and all other Defendants identified in the Complaint" identified in Complaint Schedule A that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all

circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

12. The $10,000 bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: 11/7/2018

_____

U.S. District Court Judge

**SCHEDULE A**

| No | Defendants |
|----|------------|
| 1  | alfiano |
| 2  | blackinora |
| 3  | ezgionin-0 |
| 4  | ismaihada-0 |
| 5  | lyshop007-6 |
| 6  | muniarwa_0 |
| 7  | snore_sleep |
| 8  | taver604 |
| 9  | zhoushenglong2017 |
| 10 | Shop4382085 Store |
| 11 | Suprer Guitar Club Store |
| 12 | WishShape TeeZone Store |
| 13 | 2014idmad |
| 14 | adinugroh-0 |
| 15 | ahmamustaja0 |
| 16 | ajiren_89 |
| 17 | alice_iced |
| 18 | amandareka |
| 19 | anggrohma-0 |
| 20 | babette_bros |
| 21 | bawoamb0 |
| 22 | bear_biggest |
| 23 | buyforcase |
| 24 | crazy-888 |
| 25 | dariusimanjunta-0 |
| 26 | digpraman0 |
| 27 | ek.ek38 |
| 28 | estemeje |
| 29 | exsabagu_0 |
| 30 | faizuatik-0 |
| 31 | flyin_boltz |
| 32 | gandsuryan_0 |
| 33 | gaoaihua1121 |
| 34 | glad_happy |
| 35 | gruduk_gruduk |
| 36 | gugu_danz |
| 37 | hasay12 |
| 38 | hise.tee |

10

| 39 | id.bill |
|---|---|
| 40 | ima-perm |
| 41 | jacob_alex |
| 42 | jasonwie |
| 43 | jiajiayi456 |
| 44 | jianyuyu123 |
| 45 | jodsukar.store |
| 46 | jomke_to |
| 47 | kari-bacht |
| 48 | khoirunis-0 |
| 49 | musicapollo8 |
| 50 | nang.nango |
| 51 | noprkurni_0 |
| 52 | nuaid_7 |
| 53 | nurusit |
| 54 | padangrumput |
| 55 | perfectmelody |
| 56 | reinshop85 |
| 57 | renik-98 |
| 58 | riminzhan |
| 59 | shock_gear |
| 60 | stvamarta |
| 61 | theramzak |
| 62 | thundergt78 |
| 63 | tradepo990deal |
| 64 | trading_enterprise17 |
| 65 | tunid72 |
| 66 | usernihas_0 |
| 67 | yukihira.souma |
| 68 | City fashion clothes |
| 69 | zhongyifushi |